No. 12-0203 – <u>Dan Cava, et al v. National Union Fire Insurance Co. of Pittsburgh</u>

**FILED**

**December 30, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Benjamin, Chief Justice, concurring:

I concur with the majority's decision insofar as it affirms the circuit court's order granting summary judgment in favor of National Union. However, I write separately to note two concerns with the majority's opinion. First, the third-party complaint filed by the Petitioners in this case did not seek coverage, but rather set forth two causes of action under the West Virginia Unfair Trade Practices Act ("UTPA"), W. Va. Code § 33-11-1 to -10, and common law bad faith. Thus, the majority's discussion regarding the ability of a party to file a third-party complaint requesting a declaratory judgment that an insurance policy provides coverage is advisory in nature and the creation of syllabus point 2 is unnecessary in this case.

Second, I disagree with the majority's observations regarding the savings statute, W. Va. Code §55-2-18. Rule 14(a) of the W. Va. Rules of Civil Procedure states, in pertinent part, that at any time after commencement of an action a defending party, as a third-party plaintiff, may serve a summons and complaint upon a person that is not a party to the action *who is or may be liable to the third-party plaintiff for all or part of the plaintiff's "claim" against the third-party plaintiff.* (emphasis added). Rule 14(a) also provides, in part, that the plaintiff may assert any claim against the third-party defendant

1

*arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.* (emphasis added). W. Va. R. Civ. P. 14(a).

As the majority points out, this Court discussed the type of "claim" that meets the requirements of Rule 14(a) in *Magnet Bank, FSB v. Barnette*, 187 W. Va. 435, 436-37, 419 S.E.2d 696, 697-98 (1992), stating,

> [w]e have not had occasion to discuss in any detail the type of claim which the defendant must assert to meet the requirement of Rule 14(a) that the third-party defendant "is or may be liable to him for all or part of the plaintiff's claim[.]" The federal courts have considered this question and in 3 James Wm. Moore, et al., Moore's Federal Practice ¶ 14.07(1) at 14–45–46 (1991), this summary is given:
>
>> "Thus, 'claim' is defined transactionally, and has nothing to do with the legal theory upon which a party relies. The fact that the third-party complaint may be based upon a different legal theory from the underlying case is irrelevant; *the question is whether the assertion of liability against the third-party defendant is derivative of the same transaction, occurrence or nucleus of operative fact as the underlying claim by the plaintiff.* If the transactional relatedness is present, impleader is proper even if the third-party complaint will be tried to the court while the underlying action will be tried to a jury. In sum, it is clear that the remedial purpose of Rule 14 requires that it be interpreted liberally to promote its underlying purposes."

(emphasis added).

In this case, the circuit court analyzed National Union's argument that the bad faith and UTPA claims were not derivative of the original wrongful termination claim pursuant to Syllabus Point 9 of *J.A. Street & Associates, Inc. v. Thundering Herd Development, LLC,* 228 W.Va. 695, 724 S.E.2d 299 (2011), which states:

> To determine whether a cross-claim arises out of the same transaction or occurrence as the original action, there are three nonexclusive factors to be considered: (1) the identity of the facts and law between the initial claim and the cross-claim; (2) the mutuality of proof and whether substantially the same evidence will support or refute both the com-plaint and the cross-claim; and (3) the logical relationship between the original claim and the cross-claim.

After considering these three factors, the circuit court essentially reversed its earlier ruling granting the Petitioners' motion to file a third-party complaint and concluded that the Petitioners' bad faith and UTPA claims were not derivative of the original wrongful termination claim and thus, should not have been brought in a third-party complaint. Based on this ruling, the circuit court concluded that both the bad faith and UTPA claims were subject to the one-year statute of limitation contained in W.Va.Code § 55–2–12(c) and were not timely filed.

I agree with the majority opinion insofar as it properly concludes that the circuit court did not abuse its discretion in dismissing the third-party complaint because undoubtedly, the Petitioners' third-party UTPA and bad faith claims are not derivative of the wrongful termination action and thus, they were not proper for a third-party claim under Rule 14(a). However, I do not agree with the majority's observation that the

3

saving statute, W. Va. Code § 55-2-18(a) tolls the statute of limitations to allow the Petitioners a second opportunity to file an independent lawsuit against National Union alleging a cause of action under the UTPA and for bad faith.

West Virginia Code §55-2-18 (2001) provides,

(a) For a period of one year from the date of an order dismissing an action or reversing a judgment, a party may re-file the action if the initial pleading was timely filed and: (i) the action was involuntarily dismissed for any reason *not based upon the merits of the action*; or (ii) the judgment was reversed on a ground which does not preclude a filing of new action for the same cause.

(b) For purposes of subsection (a) of this section, a dismissal not based upon the merits of the action includes, but is not limited to:

(1) A dismissal for failure to post an appropriate bond;
(2) A dismissal for loss or destruction of records in a former action; or
(3) A dismissal for failure to have process timely served, whether or not the party is notified by the court of the pending dismissal.

(emphasis added).

To the extent that the Petitioners' third-party complaint was involuntarily dismissed because the claims asserted were not derivative of the wrongful termination action and thus, a proper third-party claim under Rule 14(a) had not been pled, I believe that the merits of the action were indeed addressed by the circuit court below. Therefore, in my opinion, Petitioners should not be permitted to avail themselves of the savings statute in this case. Although, admittedly, the savings statute is remedial in nature, it is my belief that the majority's analysis of the savings statute in this instance was not the kind of procedural remedy for which it was designed. Petitioners should have properly filed an independent lawsuit setting forth their UTPA and bad faith causes of action

4

within one year of the denial of coverage on November 11, 2009. However, Petitioners claims were not timely filed. The expiration of the statute of limitations notwithstanding, by virtue of the dicta contained within the majority's opinion regarding this issue, the Petitioners are now given an unwarranted opportunity to take a second bite at the apple.

For the above stated reasons, I respectfully separately concur with the majority opinion.